**8**

Robert J. Enos (SBN 182956)
Gregory P. Wayland (SBN 277437)
BPE Law Group, P.C.
11140 Fair Oaks Blvd. Suite 300
Fair Oaks, California 95628
P - (916) 966.2260
F - (916) 966.2268
rjenos@bpelaw.com
gpwayland@bpelaw.com

Attorney for Creditor,
David Scott ("Creditor Scott")

UNITED STATE BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

-oOo-

| | |
|---|---|
| In re | Case No.: 2011-47181-E-7 |
| | APN No.: 2013-02392 |
| ARTURO AGULIAR JR., | |
| | DCN - SAC-01 |
| Debtor. | |
| | MEMORANDUM OF AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS ADVERSARIAL COMPLAINT OF DAVID SCOTT |
| DAVID A. SCOTT | DATE: February 27, 2014 |
| | TIME : 1:30 p.m. |
| Plaintiff, | CTRM.: Dept. E |
| | Court Room 33 |
| vs. | 501 I Street |
| | Sacramento, CA 95814 |
| ARTURO AGUILAR, JR. | |
| | HON. RONALD H. SARGIS |
| Defendant. | |
| _____/ | |

**I.    INTRODUCTION**

Creditor David Scott ("Creditor Scott") herein opposes dismissal of his adversarial complaint before the parties have had a reasonable opportunity for discovery. In part Creditor Scott would establish (1) that Debtor had personal knowledge for years of Creditor Scott's actual address, and (2) that Debtor's Counsel had actual knowledge of Creditor's attorney's address prior to conversion of the case from Chapter 13 to 7 ex parte.

OPPOSITION TO MOTION TO DISMISS

1

1 Creditor Scott did not have time to file an adversarial complaint to the Chapter 13 case, and did not have notice of Debtor's ex-parte conversion of the case to a Chapter 7. At the relevant time period in which Debtor claims Creditor Scott should have imputed knowledge of a adversarial complaint bar date, there was no pending deadline to file either a claim or adversarial complaint.

Accordingly, the present motion to dismiss should be denied, and discovery permitted to prove Debtor's bad faith and his counsel's negligence in providing notice.

## II. FACTS

### A. Multiple Bankruptcies.

On or about November 3, 2005, Creditor Scott loaned the Debtor $50,000.00 as a business loan. Ultimately the Debtor did not repay this sum. Instead, according to Creditor Scott's best belief, this money was used for personal expenses by the Debtor without intent to use them for the business, nor to pay them back. see Request for Judicial Notice; see also, Declaration of Guido Bucheli, ¶ 4, 5. This is partially supported by bank statements, and partially by witness testimony. see Id.

The Debtor filed three Chapter 13 bankruptcies, two of which were dismissed for failure to make plan payments. Debtor filed for Chapter 13 on May 20, 2008, Case No. 2008-26661, which was dismissed on July 7, 2009 for failure to make plan payments. Debtor again filed for Chapter 13 on August 3, 2009, Case No. 2009-36333, but that too was dismissed on October 14, 2011 for failure to make plan payments. Debtor then filed a Chapter 13 bankruptcy on November 18, 2011, Case No. 2011-47181, which is the present bankruptcy.

### B. Failure to Notice Creditor Scott Despite Notice of Correct Address.

Creditor Scott appears on each notice from each bankruptcy at the address of 1971 Fisher Lane, Woodland, California (the "Fisher Address"). However, Creditor Scott has not lived at the Fisher Address since late 2006. see Request for Judicial Notice. Instead, Creditor Scott resides at 1523 Paradise Valley Drive, Woodland, California 95776 ("Paradise Address"), and has for 6 years. see Id. Creditor Scott vacated the Fisher Address in 2006 when foreclosure began.

OPPOSITION TO MOTION TO DISMISS

2

On or about June 24, 2008, Creditor Scott sent notice to Debtor and his counsel that they were using the wrong address for Creditor Scott. see Request for Judicial Notice. Creditor Scott filed a notice to this effect in Case No. 2008-26661, and served it on Debtor's counsel, and the Debtor himself at the address in which he lived at all times relevant, 23 Ishi Circle, Sacramento, California 95814. see Request for Judicial Notice.

Despite lapse of many years, and direct notice of Creditor Scott's actual address, Debtor did not perform any diligence to ascertain Creditor Scott's actual address and did not include the correct address in the most recent bankruptcy.

Notice of Case No. 2011 - 47181 was not sent to Creditor Scott.

### C. Passage of First Dischargeability Complaint Bar Date

The first meeting of creditors in the third bankrupcty (2011-47181; "Third Bankruptcy") was scheduled for December 29, 2011 at 9:00 a.m.   see Request for Judicial Notice, Exhibit "4." The docket notes at January 3, 2012 show that Debtor did not appear at this hearing which was continued to February 2, 2012 which concluded as noted on February 8, 2012.

Thus, according to Debtor's exhibits filed in support of the present motion, the first bar date for filing an adversarial proceeding expired on March 28, 2012. see Dckt #10, Exhibit "B."

Exhibits supporting Debtor's motion to dismiss establish that Debtor did not file a "Notice of Filing Bankruptcy" in the Sacramento Superior Court until August 8, 2012. see Dckt #10, Exhibit "B."

In fact Creditor Scott did not have notice by that date because the filing of the 'Notice of Bankruptcy' appears to be a reaction to Creditor Scott's filing a request for default on August 2, 2012. see Id.   Thereafter, Debtor's Exhibit "C" to the Docket #10 shows for the first time that Debtor's attorney had stated "Bankruptcy pending" in a case management conference statement.

By August and September of 2012, the first claims bar date had passed almost 6 months.

### D. Case Conversion and Continued Failure to Provide Notice.

On January 11, 2013, Debtor filed an ex-parte application to convert his Chapter 13

OPPOSITION TO MOTION TO DISMISS

bankruptcy to a Chapter 7 bankrtuptcy. see Request for Judicial Notice, Exhibit "5." The application requested the court to "immediately" convert the proceeding.

The clerk mailed notice of the conversion on January 16, 2013, which is reflected in the document filed as Docket number 67 in Case No. 11-47181.

The list contains the addresses prepared by Debtor and his attorney, and fails to include either Creditor Scott's correct address, or his attorney's address. see Request for Judicial Notice, ¶11. The first list prepared in Case Three had only 4 creditors and is signed under penalty of perjury. see Request for Judicial Notice. Subsequent lists appear to have been a cut and past from prior bankruptcies.

### III. DISCUSSION

#### A. DUE PROCESS REQUIRES ADEQUATE NOTICE TO CREDITORS

Due Process requires that notice be given to a creditor whose property rights are being affected so that he can have his day in Court. see *In re Fauchier*, 71 B.R. 212, 215 (9th Cir. 1987).

Debtors must use reasonable diligence in preparing their notices and schedules. see *In re Fauchier*, 71 B.R. 212, 215 (9th Cir. 1987). It is not enough to rely merely on one's own knowledge of a creditor's address. *Id.*

In the *Fauchier* case the debtor sent notice of a bankruptcy to the creditor at his attorney's old address, they had moves two years previous. In addition, the debtor listed the creditors, mistakenly, as partners of that firm. *Id.* The Ninth Circuit found that failure to investigate the address after two years appeared to be patently not reasonable diligence. *Id.*

Here, it has been more than six years since Creditor Scott lived at the Fisher Address. Also, Creditor Scott sent notice of his correct address to both Debtor and Debtor's Counsel. There has been no diligence in ascertaining Creditor Scott's contact information or otherwise providing notice to Creditor Scott.

///

///

OPPOSITION TO MOTION TO DISMISS

4

**B. THE COURT SHOULD PERMIT DISCOVERY INTO THE KNOWLEDGE AND ACTIONS OF DEBTOR AND HIS COUNSEL IN FAILING FOR YEARS TO UPDATE SCHEDULE DESPITE THEIR ACTUAL KNOWLEDGE OF CORRECT ADDRESSES FOR BOTH CREDITOR SCOTT AND HIS STATE COURT COUNSEL**

Federal Rule of Civil Procedure ("FRCP") section 12(d) provides as follows:

"If, on a motion under Rule 12(b)(6)... matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."

Debtor has availed himself of matters outside of the pleadings. Debtor's request for judicial notice and exhibits filed as Docket numbers 10 and 11 show that Debtor would have the Court consider pleadings documents and complaints filed in other bankruptcy and state court proceedings. As such the Court can in its discretion subject the present motion to the notice requirements of a motion for summary judgment.

Creditor Scott endeavored where ever he was made aware of debtors multiple bankruptcy filings, to submit a claim himself and advocate for his rights himself. On October 9, 2013, Creditor Scott filed a document title 'Supplemental Request for Judicial Notice' as Docket number 91 in Case No. 11-47181.

The documents requests that the Court take notice that Creditor Scott appeared in Case No. 08-26661, filed a claim, and successfully defended the adequacy of information contained therein over objection by the Trustee.

The strictures of Rule 56 requirements are especially important in a case where debtor is alleged to have intentionally evaded proper notice.

Under FRCP 56, summary judgment must ordinarily be brought pursuant to a formal noticed motion. see *In re Hailey* 621 F2d 169, 171 (5th Cir. 1980). Notice itself must be adequate. Reasonable notice implies adequate time to develop facts on which the litigant will depend to oppose summary judgment. see *Norse v. City of Santa Cruz* 629 F.3d 966, 971 (9th Cir. 2010).

The case *In re Perle* 725 F.3d 1023 (2013) is the most recent case addressing rule 4007(c) and the circumstances in which a late filing of an adversarial complaint is permitted. The case held that due in part to the scope and timing of representation exercised by state court counsel, the late filing should be permitted. see *Id.*, page 1028. That finding is echoed in a previous case, *In re Fauchier* 71

OPPOSITION TO MOTION TO DISMISS

5

1  B.R. 212, 215 (1987) ("An attorney who has represented a creditor in state court proceedings does
2  not, by virtue of that relationship alone, represent the creditor with respect to that same debt in a
3  federal bankruptcy filing). What both cases stand for is the rule under 11 U.S.C. section 523 that a
4  debt that is not properly listed and scheduled in time to permit filing of an adversarial proceeding will
5  not necessarily be barred under rule 4007(c).

6       In order for a debt to be duly listed, the debtor must state the name and address of the creditor.
7  see e.g. Bankruptcy Rule 1007.

8       Debtor does not dispute that he used an incorrect address. Debtor does not attempt to refute
9  the allegations of fraud and conversion against him.

10       Creditor Scott Declared under penalty of perjury that notice of his correct address was sent to
11  Debtor and Debtor's present counsel on June 24, 2008. see Declaration of Creditor Scott, Case 11-
12  47181, Dckt #88, ¶¶ 9-10.

13       Debtor's Counsel's own exhibits make it clear that counsel had Creditor Scott's counsel's
14  address as early as August 6, 2012. see Exhibits, Dckt. #10 (proof of service of 'Notice of
15  Filing Bankruptcy' served on August 6, 2012).

16       Yet Debtor did not serve notice on Creditor Scott nor his counsel in state court when the case
17  was later converted by the filing of an ex-parte motion on January 14, 2013. Creditor Scott believes
18  that Debtor and his counsel acted in bad faith in doing so.

19       Thus, the present motion should be denied to permit discovery on whether Debtor's conduct
20  falls short of providing due process.

21

22      **C.    CREDITOR SCOTT DID NOT HAVE NOTICE IN TIME TO PERMIT
23            FILING OF AN ADVERSARIAL COMPLAINT UNDER ANY DATES THEN
          PENDING**

24       According to Debtor, 'Notice of Stay' was not filed with the Sacramento Superior Court until
25  August 6, 2012. see Exhibits filed in Support of Opposition, Exhibit "B."

26       The first date set to challenge the dischargeability of debts was February 27, 2012. see
27  Request for Judicial Notice, Exhibit "1." Assuming the Court finds that Creditor Scott had imputed
28  knowledge in August of 2012, he did not have knowledge in time to file an adversarial complaint. In

**OPPOSITION TO MOTION TO DISMISS**

Case 13-02391    Filed 02/13/14    Doc 14

addition, there were no relevant dates pending regarding objections, filing of claims, nor of any other event for which Creditor Scott could then have taken notice.

The deadline to file a claim under the Chapter 13 case was March 28, 2012, thus similarly, Creditor Scott was completely an omitted creditor because not properly listed and scheduled.

In or about December of 2012, Debtor defaulted on the repayment plan under his Chapter 13 bankruptcy. see Dckt # 57, Case Three. The trustee filed a motion to dismiss the case, which is the same result which occurred in Debtor's prior bankruptcies. Debtor thereupon filed a motion ex parte to convert the case to Chapter 7. Debtor did not provide notice to Creditor Scott, nor to his state court counsel of the conversion.

Creditor Scott remained unaware of the conversion until months after the deadline to file an adversarial complaint had passed on February 22, 2013.

Thus, *In re Price* 871 F.2d 97 (1989), the only case cited by Debtor regarding notice[1], does not contain a discussion specifically helpful to resolving the matter at bar, except to address the rule that knowledge may be imputed to a creditor by an agency theory. see *Id.*, page 99.

The case at bar is distinguishable because the claims bar date, the deadline to challenge dischargeability had each passed by the time Debtor claims to have given actual notice to Creditor Scott.

Instead, the case *In re Dewalt*, 961 F.2d 848 is more on point. In *Dewalt*, the Court reiterated the rule that the importance of notice is to see **impending** bar dates. see *Id.*, 851. The rule is that a creditor should have adequate notice in time to permit filing an adversarial proceeding for existing bar dates, not dated only surmisable. The Court also held that 7 days knowledge prior to the deadline to challenge a claim's discharge was not adequate.

Here there were no impending bar dates. Debtor failed to amend his schedule of addresses to include either Creditor Scott nor his state court counsel. Under the circumstances presented, Creditor Scott respectfully asks the Court to find that "holding [Creditor Scott] to the highest standards of diligence in a situation caused by negligence [or bad faith]" of the Debtor would constitute an undue

---

[1] At the hearing regarding reopening of the bankruptcy, Judge Sargis asked both parties to address *In re Perle* 725 F.3d 1023 (2013) which debtor failed to do.

**OPPOSITION TO MOTION TO DISMISS**

award to the Debtor for fraudulent conduct he makes no effort to refute and lack of care for notice to affected creditors.

### IV.  CONCLUSION

Creditor Scott respectfully requests that this Court deny the motion to dismiss his adversarial complaint, or in the alternative, treat the pending 12(b)(6) motion as a motion for summary judgment, and continue the matter to permit discovery of facts within Debtors control.

Respectfully Submitted,
BPE LAW GROUP, P.C.

Dated: February 13, 2014

Gregory P. Wayland
Attorney for Creditor Scott

**OPPOSITION TO MOTION TO DISMISS**