


*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>ARTHURO AGUILAR, JR.,<br><br>        Debtor.<br>_____<br><br>DAVID A. SCOTT,<br><br>        Plaintiff,<br>v.<br><br>ARTHURO AGUILAR, JR.,<br><br>        Defendant.<br>_____ | Case No. 11-47181-E-7<br><br><br><br><br><br><br>Adv. Pro. No. 13-2391<br>Docket Control No. SAC-1 |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

### MEMORANDUM OPINION AND DECISION

Defendant Arturo Aguilar, Jr. ("Defendant-Debtor"), moves the court to dismiss this Adversary Proceeding pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Bankruptcy Procedure 7012(b). Defendant-Debtor argues that the Complaint fails to state a claim upon which relief can be granted because the bar date for filing a complaint to determine the nondischargeability of a debt was April 22, 2013. Though David A. Scott ("Plaintiff") had actual knowledge of the bankruptcy filing prior to the April 22, 2013 bar date, he did not file this

Adversary Proceeding action until December 20, 2013.

Proper notice of the Motion was provided pursuant to Local Bankruptcy Rule 9014-1. By the court's calculation, 48 days' notice was provided. Twenty-eight days' notice is required. This is a core matter for which the bankruptcy judge issues final orders and judgment. 28 U.S.C. §§ 1334 and 157(a) and (b)(2)(I), and the referral of bankruptcy cases and all related matters to the bankruptcy judges in this District. E.D. Cal. Gen Order 182, 223.

Upon review of the Motion, Opposition, Supporting Pleadings, the files in this case and the files in the Defendant-Debtor's bankruptcy case, Bankr. E.D. Cal. No. 11-47181, the court grants the Motion and dismisses the Adversary Proceeding. Because the basis for the dismissal is the failure to comply with the requirements to timely file a complaint to determine the nondischargeability of debt, no leave to amend is granted.

If Plaintiff believes that a proper amended complaint could be filed, a motion for leave to file an amended complaint and a separate motion for retroactive extension of time to file a complaint for nondischargeability of debt shall be filed and served on or before **May 15, 2014.**

**SUMMARY OF MOTION AND OPPOSITION**

On May 20, 2008, Defendant-Debtor filed a Chapter 13 bankruptcy which was dismissed on July 7, 2009, Case No. 08-26661 ("First Bankruptcy Case"). First Bankruptcy Case Dckts. 1, 57. On August 3, 2009, Defendant-Debtor filed a Chapter 13 bankruptcy which was dismissed on October 14, 2011, Case No. 09-36333 ("Second Bankruptcy Case"). Second Bankruptcy Case Dckts. 1, 62. On November 18, 2011, Defendant-Debtor filed a third Chapter 13

1  bankruptcy, Bankr. E.D. Cal. Case No. 11-47181 ("Third Bankruptcy
2  Case"), which was subsequently converted to Chapter 7 on
3  January 11, 2013. Third Bankruptcy Case Dckts. 1 and 62. The
4  Defendant-Debtor was granted a discharge in the Third Bankruptcy
5  Case by order filed on April 30, 2013. *Id.* Dckt. 80.
6      Defendant-Debtor states that pursuant to Federal Rule of
7  Bankruptcy Procedure 4007(c), upon conversion of the Third
8  Bankruptcy Case to one under Chapter 7 the bar date for filing the
9  complaint was April 22, 2013. *Id.* Dckt. 65.
10     On March 28, 2012, while the Third Bankruptcy Case was
11 pending, Plaintiff filed suit against Defendant-Debtor in the
12 California Superior Court, Sacramento County Case No. 34-2012-
13 00121522 ("State Court Action"), to enforce the debt which is the
14 subject of this Adversary Proceeding. Defendant-Debtor filed a
15 Notice of Stay of Proceeding in the State Court Action providing
16 notice of the Third Bankruptcy Case and the automatic stay.
17 Exhibit B, Dckt. 10. On September 7, 2012, Plaintiff filed a Case
18 Management Statement in the State Court Action confirming his
19 knowledge that Defendant-Debtor had filed the Third Bankruptcy Case
20 and that Plaintiff intended to file a motion for relief from the
21 automatic stay. Exhibit C, *Id.*
22     It was not until December 20, 2013, more than sixteen months
23 after filing the Case Management Statement, that Plaintiff filed
24 the Complaint in this Adversary Proceeding. No other action,
25 relief, request for notice, address correction, or other activity
26 was taken by Plaintiff with the bankruptcy court in the Third
27 Bankruptcy Case prior to the filing of the Complaint.
28     Plaintiff's opposition asserts that he did receive timely

3

notice of the deadline for filing a complaint for nondischargeability of debt in the Chapter 13 case. Then, when the Third Bankruptcy Case was converted to one under Chapter 7, Plaintiff did not receive notice of the Defendant-Debtor's Election to Convert, Notice of Conversion, and notice of the deadline for filing complaints for nondischargeability of debts in the Chapter 7 case.[1]

Plaintiff states the Defendant-Debtor incorrectly listed his address on the Schedules and Mailing Matrix as 1971 Fisher Lane, Woodland, California ("Fisher Address"), an address he has not lived at since late 2006. Plaintiff states that Defendant-Debtor knew that Plaintiff did not live at that address when the Third Bankruptcy Case was filed. Plaintiff asserts that he lives at 1523 Paradise Valley Drive, Woodland, California ("Paradise Address"). Plaintiff further contends that he filed a "Notice of Correct Address" in the First Bankruptcy Case, but that has been ignored by Defendant-Debtor. Exhibit 1, Dckt. 89. As addressed below, Defendant-Debtor responds that what is stated to be a "Notice of Correct Address" is actually just a handwritten certificate of service for other pleadings served by Plaintiff in the First Bankruptcy Case. The return address shown on the certificate of service is the Paradise Address.

Plaintiff concludes that since notices for the filing deadlines for complaints for nondischargeability of debts in the

---

[1] As discussed in this ruling, accepting Plaintiff's contention that none of the court generated notices were received because the address used by the Defendant-Debtor on the Schedules and Mailing Matrix was incorrect, no action was taken by Plaintiff to provide the court with a correct address after learning of the bankruptcy filing no later than September 7, 2012.

4

Third Bankruptcy Case were not sent to the Paradise Address, the Chapter 7 deadline does not apply to Plaintiff and this Adversary Proceeding.[2]

**STANDARD FOR DISMISSAL OF COMPLAINT OR ADVERSARY PROCEEDING**

In considering a motion to dismiss, the court starts with the basic premise that the law favors disputes being decided on their merits. Federal Rule of Civil Procedure 8 and Federal Rule of Bankruptcy Procedure 7008 require that complaints contain a short, plain statement of the claim showing entitlement to relief and a demand for the relief requested. Fed. R. Civ. P. 8(a). Factual allegations must be enough to raise a right to relief above the speculative level. *Id.*, citing to 5 C. WRIGHT & A. MILLER, FED. PRACTICE AND PROCEDURE § 1216, at 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to the relief. *Williams v. Gorton*, 529 F.2d 668, 672 (9th Cir. 1976). Any doubt with respect

---

[2] Defendant-Debtor also asserts that Plaintiff filed a Proof of Claim on June 19, 2008 in the First Bankruptcy Case listing both the Fisher Address (which Plaintiff asserts he vacated in 2004) and the Paradise Address (which Plaintiff asserts is his correct address). While Proof of Claim No. 3 does list both addresses, the Fisher Address appears to be the address generated on the Proof of Claim form by the Clerk of the Court from the Defendant-Debtor's Schedules and Mailing Matrix. The Paradise Address is handwritten and appears to having been inserted by the Plaintiff. The court does not find these alleged conflicting statements, in light of one of them appearing to have been generated as part of the form issued by the court, to be significant in making the determination on this Motion.

5

to whether a motion to dismiss is to be granted should be resolved in favor of the pleader. *Pond v. General Electric Co.*, 256 F.2d 824, 826-27 (9th Cir. 1958). For purposes of determining the propriety of a dismissal before trial, allegations in the complaint are taken as true and are construed in the light most favorable to the plaintiff. *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988); *Kossick v. United Fruit Co.*, 365 U.S. 731, 731 (1961).

Under the Supreme Court's formulation of Rule 12(b)(6), a plaintiff cannot "plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." *Ashcroft v. Iqbal*, 129 S.Ct 1937, 1954 (2009). Instead, a complaint must set forth enough factual matter to establish plausible grounds for the relief sought. *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-66 (2007). ("[A] plaintiff's obligation to provide 'grounds' of his 'entitle[ment]' to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

In ruling on a Rule 12(b)(6) motion to dismiss, the Court may consider "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). The court need not accept unreasonable inferences or conclusory deductions of fact cast in the form of factual allegations. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Nor is the court required to "accept legal conclusions cast in the form of factual allegations if those conclusions cannot be reasonably drawn

6

from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

### DISCUSSION

Subject to certain exceptions, the filing of a Chapter 7 petition in bankruptcy permits a debtor to be discharged from all debts that have arisen before the date of the order for relief. *See* 11 U.S.C. § 727(b). The Bankruptcy Code provides exceptions to discharge, as applicable to this Adversary Proceeding, for debts arising from fraud, fraud or defalcation which acting in a fiduciary capacity, embezzlement or larceny. 11 U.S.C. § 523(a)(2), (4). For such debts, the creditor must timely file and successfully prosecute an adversary proceeding to a determination that such debts are nondischargeable. 11 U.S.C. § 523(c), Fed. R. Bankr. P. 7001(6). The complaint to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(2) or (4) must be filed within sixty days of the first meeting of creditors, unless the court extends the time pursuant to a motion filed before the expiration of the sixty-day period. Fed. R. Bank. P. 4006(c).

The Bankruptcy Code addresses the situation where a creditor is not provided with notice of the bankruptcy case in time to meaningfully participate in the proceedings. If a debtor neither lists the creditor (by name if known) nor schedules a debt of the type specified in 11 U.S.C. § 523(a)(2), (4) or (6) for the timely filing of a proof of claim and timely request for a determination of the dischargeability of the debt, then the debt is automatically nondischargeable. 11 U.S.C. § 523(a)(3).

While sounding dire for a debtor, the application of

Section 523(a)(3) is done with reason and consistent with the real life debtor-creditor relationship. Though a creditor may not have received notice or may not be listed on the schedules, a creditor must institute an action to have the debt declared exempt from the bankruptcy proceedings, provided that he has notice or actual knowledge that the debtor is in bankruptcy. *In re Price*, 871 F.2d 97, 98 (9th Cir. Cal. 1989). Even when the time for filing a nondischargeability complaint has expired, the bankruptcy court may retroactively extend the deadline under the circumstances where the creditor did not know of the bankruptcy case having been filed and the deadline for timely filing such complaints. *Anwar v. Johnson*, 720 F3d 1183, 1187 FN.5 (9th Cir. 2013). Though the creditor may seek retroactive extension, such request is subject to the Doctrine of Laches. *Beaty v. Selinger (In re Beaty)*, 306 f.3d 914 (9th Cir. 2002).

**Plaintiff Failed to Act Notwithstanding Actual Knowledge of the Third Bankruptcy Case**

The Defendant-Debtor listed Plaintiff and scheduled his claim in the Third Bankruptcy Case. Schedule F, Third Bankruptcy Case Dckt. 11 at 15; Amended Creditor Matrix filed December 7, 2011, *Id.* Dckt. 20. The address used for Plaintiff is the Fisher Address which Plaintiff states is not his current address. Defendant-Debtor filed the Notice of Stay of Proceedings in the State Court Action in August 2012. (The State Court Action was filed on March 28, 2012, but the court cannot determine when it was served on Defendant-Debtor.)

When Plaintiff learned that the Defendant-Debtor was prosecuting a Chapter 13 case, he needed to act to protect his debt

8

from being discharged. While 11 U.S.C. § 1328(a) provides that fraud and embezzlement claims may not be discharged, the creditor has to bring a nondischargeability action to have that debt survive the Chapter 13 case. 11 U.S.C. § 523(c)(1), 1328(a)(2), and Fed. R. Bankr. P. 4007. No action was taken by Plaintiff though he expressly stated his knowledge of the Third Bankruptcy Case in September 2012.

Plaintiff had actual notice of the Third Bankruptcy Case and the opportunity to act to protect his rights. This not only included filing any necessary nondischargeability action, but filing Plaintiff's claim and filing either a request for special notice or filing a correction of address for Plaintiff. Plaintiff, with notice of the Third Bankruptcy Case, chose to do nothing – even after telling the State Court in September 2012 that he was going to file a motion for relief from the automatic stay (Case Management Statement, Exhibit C, Dckt. 10).

While the case was pending under Chapter 13 the Defendant-Debtor confirmed a Chapter 13 Plan by order filed on March 30, 2012. Order, 11-47181 Dckt. 52. The Plan confirmed by the court provided for a 0% dividend to creditors holding general unsecured claims. Chapter 13 Plan, 11-47181 Dckt. 25. The Plaintiff's claim as asserted through this Adversary Proceeding is a general unsecured claim. Though no dividend was provided for general unsecured claims, Plaintiff could have sought leave to file his claim to participate if he believed that there would be something greater than a 0% dividend. He also could have sought leave to file his complaint for nondischargeability of debt so that it would survive a Chapter 13 discharge. Plaintiff chose not to assert his

claim in the Third Bankruptcy Case, assert that the debt was nondischargeable, or participate in the Third Bankruptcy Case to enforce his rights.

It is suspect that though the Plaintiff undisputedly had knowledge of the Third Bankruptcy Case on September 7, 2012, he waited more than one year to file this Adversary Proceeding to enforce his rights. A review of the Third Bankruptcy Case docket in the Fall of 2013 would have shown that the Defendant-Debtor was faltering, there were multiple defaults under the Chapter 13 Plan, and conversion to Chapter 7 was likely. First Notice of Default (May and June 2012 plan payment defaults), Second Notice of Default (July and August 2012 plan payment defaults), and Third Notice of Default (October and November 2012 plan payment defaults); Third Bankruptcy Case Dckt. 53, 57, 59.

From a creditor's perspective, it is obvious that the Defendant-Debtor could not make the payments, having fallen two months into the hole and never recovering. To cure the arrearage the Defendant-Debtor was robbing Peter (the current monthly payments) to pay Paul (the delinquent monthly payments). The Plaintiff's failure to participate in the Third Bankruptcy Case appears to more likely have been an intentional act to avoid providing the court and Defendant-Debtor with accurate address information so that he could "plead ignorance" and contend that his debt could not be discharged pursuant to 11 U.S.C. § 523(a)(3).

Plaintiff's protestations that his learning of the Third Bankruptcy Case after the expiration of the nondischargeability bar date is a red herring for another fundamental reason. The bar date at issue before this court is the Chapter 7 bar date for filing a

nondischargeability complaint. That time period had not expired and would not expire for eight months. The deadline had not yet been set and no notices sent by the court when the Plaintiff had actual knowledge of the Third Bankruptcy Case. If the Plaintiff, with actual knowledge of the Third Bankruptcy Case had either corrected the address being used by the Defendant-Debtor or filed a request for notice, he would have received the notice of the bar date. His "lack of knowledge" of the Third Bankruptcy Case had nothing to do with his failing to timely file the complaint for nondischargeability after the case was converted to Chapter 7.

Additionally, Plaintiff overstates his hand contending that he provided the Defendant-Debtor and counsel with a "Notice of Correct Address." Opposition Brief, Section II.B., Dckt. 14. The court agrees with Defendant-Debtor that the "Notice" Plaintiff references regarding his changed address was in fact a handwritten certificate of service filed by Plaintiff in Case No. 08-2661 that references the Paradise Address as a return address for that pleading, and makes no other reference to any "incorrect address." Exhibit 4, Dckt. 16.

The authorities cited by Plaintiff, *Perle v. Fiero (In re Perle)*, 725 F.3d 1023 (9th Cir. 2013), and in *Lubeck v. Littlefield's Restaurant Corporation (In re Fauchier)*, 71 B.R. 212 (B.A.P. 9th Cir. 1987), do not support his arguments. In the matter now before the court, Plaintiff and Plaintiff's counsel (who was enforcing the debt against the Defendant-Debtor for Plaintiff) had actual notice of Defendant-Debtor's Third Bankruptcy Case. State Court Case Management Statement, Exhibit C, Dckt. 10. Plaintiff also notified the State Court in the Statement that he

would be proceeding to seek relief from the automatic stay and requested a six-month continuance. *Id.* This demonstrated not only Plaintiff's knowledge of the Third Bankruptcy Case, but that it altered or limited his rights against the Defendant-Debtor. This was seven months before the bar date expired for filing the present complaint. No action was taken by Plaintiff in the Third Bankruptcy Case.

Even earlier, Defendant-Debtor provided notice of this Third Bankruptcy Case by filing the Notice of Stay of Proceedings in the State Court on August 8, 2012. Exhibit B, *Id.* Defendant-Debtor did not hide from Plaintiff and Plaintiff's counsel that the Third Bankruptcy Case was filed or that Defendant-Debtor asserted that the bankruptcy filing affected the claim being asserted in the State Court Action by Plaintiff.

In *Perle* the Ninth Circuit Court of Appeals recognized the rule that, "Ordinarily, a lawyer is a client's agent and, consistent with agency law, clients 'are considered to have notice of all facts known to their lawyer-agent.' *Ringgold Corp. v. Worrall*, 880 F.2d 1138, 1141-42 (9th Cir. 1989)." *In re Perle* at 1027. However, in *Perle* the attorney who received notice of the bankruptcy case had stopped representing the creditor more than three years before the debtor filed bankruptcy. Additionally, knowledge of the bankruptcy was obtained by that former attorney in connection with another client, not the plaintiff in the action before the Ninth Circuit Court of Appeals.

In *Fauchier* the Bankruptcy Appellate Panel remanded the issue on notice back to the bankruptcy court to determine whether the creditor's attorney had received actual notice and if that attorney

was actually authorized to enforce that creditor's rights (collecting a debt from Fauchier).

The facts in the present Adversary Proceeding are that not only was the attorney who received the notice enforcing the debt at issue for Plaintiff against Defendant-Debtor, but Plaintiff affirmatively demonstrated the knowledge of the Third Bankruptcy Case in the State Court Action. Neither counsel nor Plaintiff had to search their files to determine if there could be some conceivable claim against the Defendant-Debtor that they should enforce through the Third Bankruptcy Case. They were told of the Third Bankruptcy Case in connection with the very claim that is at issue in this Adversary Proceeding.

**Discharge of Plaintiff's Debt Does Not Constitute a Denial of Due Process**

Plaintiff asserts that the dismissal of the Adversary Proceeding will result in a denial of Due Process as he will not be allowed to litigate his claims of nondischargeability. This contention of a Due Process violation is not well founded.

Plaintiff had actual knowledge of the Third Bankruptcy Case in sufficient time to assert his right, both to file a claim and to file a nondischargeability complaint in the Chapter 13 case (after obtaining retroactive extension of the deadlines based on not having received prior notice) and in the Chapter 7 case (no retroactive extension required). The Plaintiff could, as early as September 7, 2012, filed his request for notice and filed an address correction to ensure that he received all further pleadings and notices from the court and other parties. He did not so do.

The Plaintiff was not denied his day in court on these issues

in the Chapter 13 case or the Chapter 7 case because he did not have notice of the case, but because he chose not to have notice. He chose not to review the court file and determine what was occurring. He chose not to provide the court and parties with what he asserts is his correct address. He chose not to obtain a retroactive extension in the Chapter 13 case. He chose not to participate in the Third Bankruptcy Case and timely file a nondischargeability complaint after the case was converted to one under Chapter 7. Neither the Defendant-Debtor (who filed the Notice of Stay of Proceedings in the State Court Case in August 2012) nor the federal judicial process has prevented Plaintiff from acting on his claims and making sure that he had notice.

As with most legal matters, the bankruptcy process is not one in which parties can selectively choose what they know or do not know. Parties cannot opt to be uninformed because it may be to their tactical advantage to later claim ignorance. With the actual notice of the Third Bankruptcy Case received by Plaintiff and Plaintiff's counsel, Plaintiff apprised of the Third Bankruptcy Case had sufficient opportunity to present his claims and timely enforce his rights. *Zidell, Inc. v. Forsch (In re Coastal Alaska Lines, Inc.)*, 920 F.2d 1428 (9th Cir. 1990) (knowledge of the actual deadline not required); *Lawrence Tractor Company v. Gregory (In re Gregory)*, 705 F.2d 1118, (9th Cir. 1983) (whatever notice puts the other party on guard and calls for inquiry is sufficient, and creditor ignores the bankruptcy at its peril); *Morgan v. Barsky (In re Barsky)*, 85 B.R. 550 (C.D. CA 1988), affrm. 933 F.3d 1014 (9th Cir. 1991).

///

**CONCLUSION**

Based on the evidence presented, the court finds that Plaintiff had actual knowledge of the Third Bankruptcy Case, on or before September 7, 2012. Pursuant to Federal Rule of Bankruptcy Procedure 4007(c), the bar date for filing complaints was set for April 22, 2013. Third Bankruptcy Case Dckt. 65. Plaintiff had sufficient notice of the Third Bankruptcy Case and ability to ensure that he received all notices well in advance to the deadline to file a nondischargeability complaint. Plaintiff has not provided the court with grounds that the deadline in the Chapter 7 case for the filing of a complaint to determine the debt nondischargeable pursuant to 11 U.S.C. § 523(a)(2) or (4) should be retroactively extended. Plaintiff's due process argument does not have merit. When Defendant-Debtor and his attorney were notified of the Third Bankruptcy Case, there was sufficient opportunity to present objections and Defendant-Debtor failed to do so. Therefore, the Motion to Dismiss the Adversary is granted and the Complaint is dismissed.

The court shall issue a separate order consistent with the Ruling. This Memorandum Opinion and Decision constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52 and Federal Rule of Bankruptcy Procedure 7052.

Dated: April 24, 2014

RONALD H. SARGIS, Judge
United States Bankruptcy Court

# Instructions to Clerk of Court
## Service List - Not Part of Order/Judgment

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC or, if checked ____, via the U.S. mail.

    **Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee** (if appointed in the case), **and** __XX__ Other Persons Specified Below:

Office of the U.S. Trustee
Robert T. Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

Gregory Wayland
11140 Fair Oaks Blvd., Ste. 300
Fair Oaks, CA 95628

Scott A. CoBen
1214 F Street
Sacramento, CA 95814